**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**Civil Action No. 5:23-cv-00047-CRS-LLK**

**TIMOTHY C.**                                                                                    **PLAINTIFF**

**v.**

**KILOLO KIJAKAZI, Acting Commissioner of Social Security**                      **DEFENDANT**

<u>**REPORT AND RECOMMENDATION**</u>

Plaintiff filed a complaint seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner denying his claim for disability benefits under the Social Security Act.  [Doc. 1].  Plaintiff's brief is at Doc. 10, the Commissioner's response in opposition is at Doc. 16, and Plaintiff's reply is at Doc. 17.  The Court referred the matter to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636.  [Doc. 11].

Because Plaintiff's three arguments are unpersuasive and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the RECOMMENDATION will be that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

**The ALJ's decision**

On December 23, 2022, the ALJ issued the Commissioner's final decision.  [Administrative Record, Doc. 8 at 17-31].  The ALJ denied Plaintiff's claim, finding lack of disability from January 24, 2018, when Plaintiff alleges that he became disabled, through December 23, 2022, when the ALJ issued her decision.

The ALJ's decision was based on the five-step sequential evaluation process, which applies in all Social Security disability cases.

First, the ALJ found that Plaintiff has not engaged in substantial gainful activity since January 24, 2018, when Plaintiff alleges that he became disabled.  *Id.* at 19.

Second, the ALJ found that Plaintiff has the following severe, or vocationally significant, impairments:  scoliosis, anxiety, and depression.  *Id.* at 20.

1

Third, the ALJ found that Plaintiff does not have an impairment that satisfies the medical criteria of any impairment listed in Appendix 1 of the regulations.  *Id.*

As in any case that proceeds beyond Step 3, the ALJ determined Plaintiff's residual functional capacity (RFC), which is defined as the "most you can still do despite your limitations."  20 C.F.R. § 404.1545(a)(1).  The ALJ found that, notwithstanding his scoliosis, Plaintiff can:

> … perform medium work as defined in 20 CFR 404.1567(c) (i.e., lifting and/or carrying 50 pounds occasionally and 25 pounds frequently, standing and/or walking (with normal breaks) for a total of about six hours in an eight-hour workday, sitting (with normal breaks) for a total of about six hours in an eight-hour workday, and pushing and/or pulling consistent with lifting and/or carrying) except he can occasionally climb ladders and frequently stoop, but has no limitations in other postural areas.

*Id.* at 22.  The ALJ further found that, notwithstanding his anxiety and depression, Plaintiff can "perform simple and detailed tasks, but not complex … can have occasional interaction with others, including coworkers, supervisors and the general public."  *Id.*

Fourth, the ALJ found that Plaintiff is unable to perform any past relevant work.  *Id.* at 29.

Fifth, the ALJ found that Plaintiff can perform a significant number of unskilled, medium jobs in the national economy such as linen-room attendant, meat clerk, and stubber.  *Id.* at 30.

### Legal Standards

Because Plaintiff applied for disability benefits in August 2021 [Doc. 8 at 17], the new rules for weighing medical opinions apply.  *See* 20 C.F.R. § 404.1520c ("For claims filed ... on or after March 27, 2017, the rules in this section apply.").  Under the new rules, special evidentiary weight is no longer given to the opinion of a treating medical source.  20 C.F.R. § 404.1520c(a).  In determining the persuasiveness of a medical opinion, an ALJ must consider "supportability, consistency, relationship [with the claimant], specialization, and other factors."  20 C.F.R. § 404.1520c(c)(1)-(5).  But the ALJ need only explain how he/she considered the supportability and consistency factors, which are the two most important factors in determining the persuasiveness of a medical opinion.  20 C.F.R. § 404.1520c(b)(2).

The task in reviewing the ALJ's findings is limited to determining whether they are supported by substantial evidence and made pursuant to proper legal standards. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). Substantial evidence is "more than a scintilla of evidence but less than a preponderance." *McGlothin v. Comm'r*, 299 F. App'x 516, 522 (6th Cir. 2008) (internal quotation omitted). The Court may not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (internal citation omitted).

The substantial-evidence standard presupposes that there is a "zone of choice within which the decisionmakers can go either way, without interference by the courts." *Blakley v. Comm'r*, 581 F.3d 399, 405 (6th Cir. 2009). A reviewing court decides only whether substantial evidence supports the ALJ's decision. *Id.* If it does, the court affirms the decision even in the face of substantial evidence supporting the opposite conclusion. *Id.*

**Plaintiff's first argument is unpersuasive.**

Plaintiff's first argument is that: "The Commissioner erred as a matter of law by omitting the mental limitation of carrying out 'simple and repetitive tasks' from the RFC." [Doc. 10 at PageID.1470].

In November 2021, Plaintiff was examined by the Commissioner's one-time examining psychologist, Brian E. McLean, M.S., L.P.P. (Licensed Psychological Practitioner). [Doc. 8 at 1071-74]. Psychologist McLean opined, among other things, that Plaintiff's capacity to:

> 1. [U]nderstand, remember, and carry out instructions toward performance of **simple repetitive tasks** is affected by slight impairment.
> …
> 3. [S]ustain attention and concentration towards performance of **simple repetitive tasks** is affected by slight impairment.
> …

*Id.* at 1073 (emphasis added). The ALJ found that Plaintiff has an RFC to "perform **simple and detailed tasks**, but not complex" tasks. *Id.* at 22 (emphasis added). In so finding, the ALJ weighed psychologist McLean's opinions, finding them to be "**partially** persuasive." *Id.* at 27 (emphasis added).

Plaintiff's first argument appears to be based on a confusion or misunderstanding that the ALJ found psychologist McLean's opinions to be **fully** persuasive.  In articulating his first argument [Doc. 10 at PageID.1470-77], Plaintiff repeatedly states that the ALJ found Mr. McLean's opinions to be "persuasive," without recognizing that, in fact, the ALJ found those opinions to be only "partially" persuasive.  At one point in his brief, Plaintiff even affirmatively misstates that the ALJ found psychologist McLean's opinion to be "fully persuasive."  [Doc. 10 at PageID.1479].

Further, Plaintiff's argument is unpersuasive because there is no genuine inconsistency between psychologist McLean's opinions and the ALJ's RFC finding.  It is simply not the case that an individual having "slight" limitation with respect to performing "simple repetitive tasks" [Doc. 8 at 1073] cannot "perform simple and detailed tasks, but not complex" tasks [Doc. 8 at 22].

**Plaintiff's second argument is unpersuasive.**

Plaintiff's second argument is that:  "The Commissioner erred as a matter of law by improperly analyzing the Plaintiff's limitation in adapting to stress and pressure in a work environment."  [Doc. 10 at PageID.1477].

Psychologist McLean opined, among other things, that that Plaintiff's capacity to:

2.  [T]olerate stress and pressure of day-to-day employment is affected by moderate to marked impairment.
…
4.  [R]espond to supervision, coworkers, and work pressures in a work setting is affected by slight to moderate impairment.

[Doc. 8 at 1073].  The ALJ found that Plaintiff has an RFC to have "occasional interaction with others, including coworkers, supervisors and the general public."  *Id.* at 27.

Like his first argument, Plaintiff's second argument appears to be based on a confusion or misunderstanding that the ALJ found psychologist McLean's opinions to be fully persuasive:

The first legal issue, *supra*, arose from the ALJ's inexplicable substitution of the "repetitive task" limitation with her own "detailed task" limitation, and this second legal issue arises from the ALJ's erroneous statement that "**there is nothing** suggesting [the Plaintiff] is unable to adapt to the stress and pressure in a work environment for simple and *detailed tasks*." (Tr. 28) (*emphasis*

*added*). This statement is erroneous because there certainly is "**something**" suggesting the Plaintiff is unable to adapt to the stress and pressure in a work environment, and that specific "**something**" is the opinion of the SA psychologist the ALJ said she found *persuasive*. (Tr. 27-28).

[Doc. 10 at PageID.1478].

Further, Plaintiff's second argument is unpersuasive because there is no genuine inconsistency between psychologist McLean's opinions and the ALJ's RFC finding.  It is simply not the case that an individual whose capacity to tolerate stress and pressure of day-to-day employment is moderately to markedly affected and whose capacity to respond to supervision, coworkers, and work pressures in a work setting is slightly to moderately affected [Doc. 8 at 1073] cannot have "occasional interaction with others, including coworkers, supervisors and the general public" [Doc. 8 at 27].

**Plaintiff's third argument is unpersuasive.**

Plaintiff's third argument is that:  "The Commissioner erred as a matter of law by presenting a flawed hypothetical to the vocational expert by failing to incorporate, with precision, all functional limitations into the hypothetical questions posed to the vocational expert."  [Doc. 10 at PageID.1482].

"A vocational expert's [VE's] testimony concerning the availability of suitable work may constitute substantial evidence where the testimony is elicited in response to a hypothetical question that accurately sets forth the plaintiff's physical and mental impairments." *Masters v. Comm'r*, 707 F. App'x 374, 380 (6th Cir. 2017) (quoting *Smith v. Halter*, 307 F.3d 377, 378 (6th Cir. 2001)).  While it is true that an ALJ may rely on a VE's response to a hypothetical question only if the question accurately portrays the claimant's impairments, the "ALJ is required to incorporate only those limitations that he or she accepted as credible." *Id.* (citing *Casey v. Sec'y*, 987 F.2d 1230, 1235 (6th Cir. 1993)).

Plaintiff's third argument appears to be a rephrasing of his first and second arguments in terms of the ALJ's controlling vocational hypothetical (as opposed to the ALJ's RFC finding) being deficient due to Mr. McLean's opinions.  Just as there is no genuine inconsistency between Mr. McLean's opinions and

the ALJ's RFC findings, there is no genuine inconsistency between Mr. McLean's opinions and the limitations contemplated by the controlling vocational hypothetical.

## RECOMMENDATION

Because Plaintiff's three arguments are unpersuasive, and the Administrative Law Judge's (ALJ's) decision is supported by substantial evidence, the Magistrate Judge RECOMMENDS that the Court AFFIRM the Commissioner's final decision and DISMISS Plaintiff's complaint.

November 8, 2023

**Lanny King, Magistrate Judge**
**United States District Court**

## NOTICE

Under the provisions of 28 U.S.C. §§ 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b), the Magistrate Judge files these findings and recommendations with the Court and a copy shall forthwith be electronically transmitted or mailed to all parties.  Within fourteen (14) days after being served with a copy, any party may serve and file written objections to such findings and recommendations as provided by the Court.  If a party has objections, such objections must be timely filed or further appeal is waived.  *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984).

November 8, 2023

**Lanny King, Magistrate Judge**
**United States District Court**